IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | § | |
|---|---|---|
| LORETTA I. EURE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | |
| | § | |
| THE SAGE CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

LORETTA I. EURE, hereinafter called Plaintiff, complaining of and about THE SAGE CORPORATION, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### INTRODUCTION

1. This lawsuit is brought as an individual action by Plaintiff to vindicate her wrongful discharge pursuant to the laws identified herein.

2. THE SAGE CORPORATION is a Foreign For-Profit Corporation established in or about 2005. By operating under the category of Driving Instruction, THE SAGE CORPORATION offers professional tractor-trailer driver training to students across the country, including but not limited to San Antonio, Texas. THE SAGE CORPORATION's policy and practice is to engage in illegal discriminatory practice, specifically discrimination and retaliation.

## JURISDICTION AND VENUE

3. The subject matter in controversy is within the jurisdictional limits of this Court.

4. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because THE SAGE CORPORATION conducts business in this district.

## PARTIES AND SERVICE

5. Plaintiff, LORETTA I. EURE, is an individual who resides in San Antonio, Texas.

6. Defendant, THE SAGE CORPORATION, is a Foreign For-Profit Corporation qualified to do business in Texas, and may be served with process by serving its Registered Agent for service, Kelly Paylor, by certified mail, return receipt requested, at the following address: Brazosport College, 500 College Dr, Lake Jackson, TX 77566.

## FACTS

7. Plaintiff was fifty-three (53) years old at the time of her unlawful discharge from Defendant.

8. Plaintiff is an African-American female.

9. Plaintiff was hired by Defendant, THE SAGE CORPORATION, in or about December, 2010.

10. At the time of discharge, Plaintiff worked as a CDL preparatory instructor for Defendant.

11. On or about March 29, 2011, Carmella Campianan, a shareholder and founder of the company, harassed and intimidated the school director, Margie Brandon, for hiring Plaintiff, a gender non-conforming female driver.

12. On or about March 30, 2011, Campianan instructed Brandon to significantly reduce Plaintiff's scheduled work hours.

13. Since on or about March 30, 2011, Plaintiff was completely taken off the schedule and has not been allowed to return to work. Plaintiff's unwarranted and illegal treatment, especially on the heels of a lawful report of discriminatory practice, is discrimination and retaliation.

## COUNT I

### Gender Discrimination
### Violation Of The Tex. Lab. Code § 21.053 *et. seq.,*
### Title VII Of The Civil Rights Act Of 1964, 42 U.S.C. 2000 (e) *et seq,.* and
### 42 U.S.C. §1981

14. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

15. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her gender (female).

16. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's gender (female).

17. Defendant classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated.

18. Defendant's employment practices had a disparate and adverse impact on Plaintiff because of her gender (female), and such employment practices were not job-related nor were they consistent with business necessity.

## COUNT II

**Wrongful Termination And Retaliation**
**Title VII Of The Civil Rights Act Of 1964, 42 U.S.C. 2000 (e) *et seq.* and**
**42 U.S.C. §1981**

19. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

20. Plaintiff alleges that Defendant instituted campaign of retaliation. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice, making or filing a charge, filing a complaint, and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice.

21. Plaintiff suffered damages for which Plaintiff herein sues.

## COUNT III

**Negligent Hiring, Supervision, Training,**
**And Retention By Defendant**

22. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

23. Plaintiff alleges that the conduct of Defendant constituted negligent hiring, supervision, training, and retention. Plaintiff alleges that Defendant did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether the person chosen as her supervisor was unfit, incompetent, or a danger to third parties. Defendant knew or should have known that the person chosen as Plaintiff's supervisor was unfit and could foresee that Defendant's supervisor would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant's failure to exercise reasonable care in the hiring, supervision, and training regarding Plaintiff's civil rights was the proximate cause of damages to Plaintiff for which Plaintiff herein sues.

## DEMAND FOR JURY TRIAL

24. Plaintiff hereby requests a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

25. Plaintiff designates San Antonio, Texas as the place for trial.

## PRAYER

**FOR THESE REASONS**, Plaintiff, LORETTA EURE, prays that Defendant, THE SAGE CORPORATION, be cited to appear and answer, and that upon a final judgment, Plaintiff, LORETTA EURE, have the following:

(A) judgment against Defendant for damages in a sum exceeding the minimum jurisdictional limits of the Court, representing wage payments, vacation pay, bonuses, overtime, health care benefits, inconvenience, loss of enjoyment of life, other non-pecuniary losses, and all of the compensation due to Plaintiff that accrued at the time of the filing of this Petition, plus interest at the legal rate from the date each payment became due until the date of judgment;

(B) a judgment sum representing wages payments, vacation pay, bonuses, overtime pay, health care benefits, inconvenience, loss of enjoyment of life, other non-pecuniary losses, and all other compensation due Plaintiff that accrued from the date of the filing of this Petition to the date of judgment, plus interest from the date each payment becomes due until the date of judgment;

(C) a further sum representing the present value of unaccrued wage payments, vacation pay, bonuses, health care benefits, inconvenience, loss of enjoyment of life, other nonpecuniary losses, and all other compensation due to Plaintiff for the period following the date of judgment, calculated as of the date of judgment for the losses

that Plaintiff has to sustain in the future;

(D) an award of exemplary and punitive damages against Defendant within the jurisdictional limits of this Court as may be determined by the trier of fact;

(E) pre-and post–judgment interest at the legal rate until paid;

(F) attorney's fees, costs of court; and

(G) for such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

By: _____*/s/Glenn D. Levy*_____
Glenn D. Levy
Texas Bar No. 12264925
906 West Basse Road, Suite 100
San Antonio, Texas 78212
Telephone: 210.822.5666
Facsimile: 210.822.5650
**ATTORNEY FOR PLAINTIFF,
LORETTA I. EURES**