IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LORETTA EURE,<br>　　Plaintiff | §<br>§<br>§ | CIVIL ACTION NO. 5:12-CV-01119 |
| v. | §<br>§ | |
| THE SAGE CORPORATION,<br>　　Defendant | §<br>§ | |

**PLANITIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

To the Honorable United States District Judge Plaintiff files this response to Defendant's Motion to Strike:

1. Defendant's did not confer with Plaintiff prior to filing its frivolous Motion to Strike

2. Defendants were aware that Plaintiff's counsel would be out for the Religious holiday last week and has only returned today.

3. The entire purpose of Defendant's Motion is to usurp the rules. The purpose for designating testifying experts, in the scheduling order, is so that the other party can have notice. Notice to depose them or move to strike them as inappropriate under the case law. Indeed, if one of those testifying experts was designated late and Defendants was unaware it would cause some possible surprise to Defendant, it would then file a motion similar to the instant motion.

4. However, in this instance, Defendants want to strike undersigned counsel as an expert for attorney's fees. This is not some commercial dispute or a contract case.
Plainitff's Response to Motion to Strike

As the court is aware, under 42U.S.C. 2000e et seq. as amended, a prevailing party is entitled to attorney's fees. Those attorney's fees are provided for by statute. Moreover, if Plaintiff prevails, undersigned counsel will not testify at trial, but the attorney's fees will be determined but the Court, after a verdict by the Jury prior to the entry of Judgment. It is not an issue before the Jury. Additionally, and importantly, the Local Rules provide for this in that they require the prevailing party to provide an affidavit of attorney fees after conferring with opposing counsel.

5. There is absolutely no surprise to Defendants. It would be impossible to argue surprise that a prevailing party under Title VII is entitle to attorney's fees.

6. Undersigned counsel has never been deposed in all of his years of practice regarding his attorney's fees prior to trial, nor has anyone he has ever encountered any lawyer who has in the practice of employment law.

7. Additionally the reason for Plaintiff failure to designate its own Attorney is not Plaintiff's fault. Plaintiff's own counsel did not intentionally fail to designate. It was not due to conscious indifference. It was inadvertent and accidental. Since Plaintiff's counsel was responding to written discovery, and designations and disclosure were being made at that time any other designation were accidentally overlooked.

8. If the Court determines that Plaintiff's need's to designate undersigned counsel as a testifying expert for purposes of the scheduling order, Plaintiff hereby designates himself.

For these reasons Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike and for any other relief to which they are entitled.

                        Respectfully submitted,

By: _____s/_____
     GLENN D. LEVY
     State Bar No. 12264925
     Law Office of Glenn D. Levy
     906 West Basse Road, Suite 100
     San Antonio, Texas 78212
     Telephone: (210) 822-5666
     Facsimile: (210) 822-5650
     **ATTORNEY FOR PLAINTIFF**
     **LORETTA EURE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September 2013, the foregoing instrument was served to opposing counsel via ECF in accordance with the Federal Rules of Civil Procedure on opposing counsel as follows:

Larry D. Warren
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
T: (210) 731-6300
F: (210) 785-2975

John T. Hawkins
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas, 76703
T: (254) 755-4100
F: (254) 754-6331

_____/s/_____
Glenn D. Levy