IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LORETTA I. EURE, individually, ) | CV. NO. 5:12-CV-1119-DAE |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE SAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS

Before the Court is a Motion to Exclude the Testimony of Plaintiff's Experts filed by Defendant The Sage Corporation ("Defendant"). (Dkt. # 11.) The Court held a hearing on Defendant's Motion on March 17, 2014. Glenn D. Levy represented Plaintiff Loretta Eure ("Plaintiff") at the hearing; Larry Warren represented Defendant. Upon careful consideration of the arguments asserted in the supporting and opposing memoranda, as well as the arguments presented at the hearing, the Court **DENIES** Defendant's Motion.

1

BACKGROUND

Defendant operates a business that trains tractor-trailer drivers. ("Compl.," Dkt. # 1 ¶ 2.) Plaintiff is an African-American female residing in San Antonio and previously worked for Defendant as a CDL preparatory instructor beginning December 2010. (Id. ¶¶ 8–9.) In March 2011, Plaintiff avers that a shareholder of Defendant scolded another employee for hiring Plaintiff because Plaintiff was a "gender non-conforming female driver." (Id. ¶ 12.) As a result of alleged gender discrimination, Plaintiff was not allowed to return to work. (Id. ¶ 13.) In 2012, Plaintiff filed a lawsuit against Defendant alleging that Defendant engaged in gender discrimination, wrongful termination, retaliation, and other related tortious conduct. (Id. ¶¶ 14–23.)

On February 26, 2013, this Court ordered both parties to submit proposed scheduling recommendations within sixty days. (Dkt. # 4.) A little over a month later, the parties filed their recommendations, which provided in relevant part:

> All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by July 30, 2013. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by August 14, 2013.

>All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

(Dkt. # 5 at 2.)  The Court memorialized the parties' recommendations in a Scheduling Order filed on April 5, 2013.  (Dkt. # 6.)

On April 9, 2013, Defendant served its first set of interrogatories on Plaintiff.  (Dkt. # 11, Ex. B.)  In Defendant's Interrogatory No. 4, Defendant requested information regarding "each person you anticipate calling as a testifying expert," including "the expert's name, address, telephone number, the subject matter on which the expert will testify, and the general substance of the expert's opinions and mental impressions" with "a brief summary of the basis for them." (Id. at 6.)

On May 2, 2013, Plaintiff had not yet responded to Defendant's interrogatories, but served her initial disclosures under Rule 26(a)(1) on Defendant.  (Dkt. # 11, Ex. A.)  She did not list any potential expert witnesses, but did provide several names of individuals that may have discoverable information, including Robert Jons, M.D., whom she described as having knowledge of her inability to afford hormone treatment, and Dr. Dina, whom she described as having knowledge of her treatment of stress-related medical condition, as well as the effects on her health due to her inability to afford treatment.  (Id.)

On August 19, 2013, Plaintiff responded to Defendant's interrogatories. (Dkt. # 11, Ex. D.) With respect to Interrogatory No. 4, which had requested information regarding testifying experts, she replied: "This case is still in the early stages and discovery is ongoing; Plaintiff has not employed any expert witnesses. Plaintiff will supplement this interrogatory in accordance with the Federal Rules of Civil Procedure. However Glenn D. Levy will testify as to attorney[']s fees, costs, and expenses." (Id. at 6.)

Shortly after receiving Plaintiff's answer, Defendant filed the instant motion to Exclude Testimony of Plaintiff's Experts. ("Mot.," Dkt. # 11.) Plaintiff filed a Response ("Resp.," Dkt. # 12), to which Defendant filed a Reply ("Reply," Dkt. # 13.)

## DISCUSSION

Defendant argues that Plaintiff's attorney, Glenn D. Levy, Esq. ("Levy"), Robert Dons, M.D. ("Dons"), and Dr. Dina Goytia-Leos ("Goytia-Leos") should be precluded from testifying as experts. (Mot. at 1–2, 7–8.) Defendant proffers two reasons to exclude Levy: (1) Plaintiff disclosed him as an expert witness approximately three weeks after expert witness disclosure deadline in the Court's Scheduling Order, and (2) Plaintiff did not furnish a written expert report of Levy as required by Federal Rule of Civil Procedure 26(a)(2)(B).

4

Similarly, Defendant argues that even though Plaintiff did not designate either Dons or Goytia-Leos as experts, both should be prospectively precluded from providing expert testimony because they also did not tender a written expert report under Rule 26(a)(2)(B).

I.   Plaintiff's Delay in Designating Levy Past the Scheduling Order Deadline

Defendant first seeks to limit Levy's testimony because Plaintiff designated Levy as an expert on August 19, after the Scheduling Order's July 30 deadline. (Mot. at 4–6.) Defendant contends that Plaintiff's three-week delay is evidence of her lack of diligence and, as such, Levy should not be permitted to testify as an expert on Plaintiff's attorney's fees should she ultimately prevail on the merits of her lawsuit. (Id.; Reply at 2–4.)

Federal Rule of Civil Procedure 16(b) governs the designation of experts once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The "good cause" standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." S & W Enters., LLC v. Southtrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed.

5

1990)).  In determining whether a party has met the "good cause" standard, the Fifth Circuit has instructed a district court to consider four factors: (1) the explanation for the delay; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.  Reliance Ins. Co. v. La. Land and Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997).  Nevertheless, district courts have "wide latitude" and are allowed to act with "intelligent flexibility" in allowing parties to designate experts beyond the deadline.  Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir. 1998).

    A.    <u>Explanation for the Delay</u>

Defendant argues that Plaintiff "can offer no explanation that would excuse or explain her failure to timely designate experts."  (Mot. at 4.)  In response, Plaintiff concedes that she does not have a specific reason for the delay, but contends that her counsel "did not intentionally fail to designate. . . . It was not due to conscious indifference."  (Resp. ¶ 7.)  Instead, "[i]t was inadvertent and accidental.  Since Plaintiff's counsel was responding to written discovery, and designations and disclosure were being made at that time[,] any other designation [was] accidentally overlooked."  (Id.)

6

Given Plaintiff's concession that the deadline was "accidentally overlooked," Plaintiff clearly cannot demonstrate "good cause" for the delay. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[I]n order to demonstrate 'good cause' a party must show that <u>despite their diligence</u> the time table could not have reasonably been met." (emphasis added)). Therefore, the Court finds that the first factor plainly favors Defendant.

B. <u>Importance of the Testimony</u>

Neither party argued that Levy's proposed expert testimony would be exceedingly important. In the absence of any argument either for or against Levy's importance, the Court finds that the second factor does not weigh in favor of either Plaintiff or Defendant.

C. <u>Potential Prejudice</u>

Defendant asserts that if Plaintiff is allowed to designate Levy as an expert on her attorney's fees at this stage in the litigation, it would prejudice Defendant because Defendant would have the burden of reviewing expert opinions and attempting to find rebuttal experts. (Mot. at 6.)

However, Plaintiff's three-week delay in designating Levy as an expert on his attorney's fees can hardly have caused serious prejudice to Defendant given that Defendant has known from the outset of the case that if Plaintiff

7

prevailed, she would be seeking attorney's fees.  (See Compl. at 7; see also Mungia v. Judson Indep. Sch. Dist., No. SA-09-CV-395-XR, 2010 WL 707377, at *1 (W.D. Tex. Feb. 24, 2010) (discerning "little prejudice" to the defendant because he had been on notice since the inception of the lawsuit that the plaintiff had been seeking attorney's fees).)

In any event, Defendant has not truly suffered prejudice by Plaintiff's delayed designation because it should have known that Levy would be designated as an expert on his own attorney's fees garnered through the prosecution of Plaintiff's case.  See Wright v. Blythe-Nelson, No. 3:99-CV-2522-D, 2001 WL 804529, at *6 (N.D. Tex. July 10, 2001) ("Attorneys who represent parties against whom such fees are sought are not surprised by expert testimony because they can usually expect that opposing counsel will attempt to prove his attorney's fees and because they are themselves experts on the subject."); see also Ollie v. Plano Indep. Sch. Dist., 4:06-CV-69, 2007 WL 2315459, at *1 (E.D. Tex. Aug. 10, 2007) ("Courts have treated the designation of attorney's fee experts differently from other experts because an attorney representing a party against whom attorney's fees are sought should not be surprised by opposing counsel attempting to prove his attorney's fees through his own expert testimony.").

Moreover, because attorney's fees are determined at the close of the case and this case has not yet been set for trial, Plaintiff's three-week delay did not cause prejudice to Defendant.  <u>Mungia</u>, 2010 WL 707377, at *1 (holding that the defendant did not suffer prejudice because attorney's fees are determined at the close of the case by the court); <u>see also</u> <u>Straus v. DVC Worldwide, Inc.</u>, 484 F. Supp. 2d 620, 633 (S.D. Tex. 2007) (denying a motion to strike the defendants' experts on attorneys' fees for late designation because "[a]ttorneys' fee claims are generally resolved at the close of the case, after both liability and damages have been determined" so the defendants' delay did not prejudice the plaintiff).

Defendant cannot show any prejudice from Plaintiff's three-week delay in designating Levy as an expert on her attorney's fees.  The third factor weighs heavily in favor of Plaintiff.

D.   <u>Possibility of Continuance to Cure Prejudice</u>

Given that Defendant will not suffer any prejudice due to Plaintiff's delay, this factor is inapplicable.  However, even if Defendant were to demonstrate that it has or will suffer prejudice, a continuance would easily provide a sufficient remedy.  In any event, the Court has not yet set a trial date, and the Court recently extended the parties' discovery and dispositive motion deadlines per the Court's text order on February 28, 2014.

9

Accordingly, the Court finds that although Plaintiff's inadvertent failure to designate counsel as an expert on her attorney's fees weighs in Defendant's favor, the lack of any prejudice to Defendant warrants permitting Plaintiff's counsel to serve as an expert on Plaintiff's attorney's fees.

II.     Plaintiff's Lack of Compliance with Rule 26(a)(2)(B)

First, Defendant argues that because the Court's Scheduling Order mandated that experts submit a written report containing the expert's opinions and qualifications in accordance with Rule 26(a)(2)(B) and Plaintiff's designation of Levy did not include such a report, Levy's expert testimony should be stricken. (Mot. at 7.)

Rule 26(a)(2)(B) provides that "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  As a corollary, Rule 37(c) states that a party that fails to disclose information required by Rule 26(a) shall not be allowed to use as evidence any witness or information not so disclosed, unless such failure is harmless.  Fed. R. Civ. P. 37(c).

10

However, this Court does not require that attorneys providing expert testimony solely on the topic of their attorney's fees provide expert reports. See Kondos v. Allstate Tex. Lloyds, 1:03-CV-1440, 2005 WL 1004720, at *18 (E.D. Tex. Apr. 25, 2005) ("Generally, however, attorneys testifying solely on the topic of attorneys' fees are not required to provide expert reports."); accord McCulloch v. Hartford Life & Acc. Ins. Co., 223 F.R.D. 26, 29 (D. Conn. 2004) (denying motion to strike the expert designation of defendant's attorneys because "[i]n practice, courts in the District of Connecticut do not require that attorneys testifying solely on the topic of attorney's fees provide expert reports"). In fact, as Plaintiff points out, Local Rule 7(j) requires that "a claim for attorney's fees shall be made by motion not later than 14 days <u>after entry of judgment</u> pursuant to Federal Rule of Civil Procedure 54(d)(2)." W.D. Tex. Civ. R. 7(j) (emphasis added). Formal written expert reports for attorney's fees applications are unnecessary at the present stage of the litigation.

But even if Levy were required to tender an expert report on his fees, any delay is undoubtedly harmless because it was unintentional. See Cambridge Strategies, LLC v. Cook, 3:10-CV-2167-L, 2012 WL 176587, at *8 (N.D. Tex. Jan. 23, 2012) (denying a motion to strike late designation of attorney expert because the "failure to disclose [the] attorney's fees witnesses appeared to have

11

been an inadvertent oversight or misunderstanding as to the parties' disclosure deadlines").)  Plaintiff affirmed that any delayed designation was "inadvertent" and "accidental."  (Resp. ¶ 7.)

Moreover, even if an expert report were required, Plaintiff's delay is harmless because Defendant has not (and will not) suffer sufficient prejudice to justify striking Plaintiff's counsel's expert designation on her attorney's fees under Rule 37(c).  "The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'"  Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996) (quoting Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995)).  There is no unfair surprise and Defendant's resource-conservation efforts have not been affected.  Defendant has been on notice since the inception of this litigation that Plaintiff is seeking attorney's fees.  See Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 563–64 (5th Cir. 2004) (finding that because the defendant knew that Boyer would provide expert testimony on the reasonableness of attorney's fees well in advance of trial, the defendant did not suffer prejudice; the failure to disclose an expert report from Boyer amounted to harmless error).

Also as a result of Plaintiff's alleged non-compliance with Rule 26(a)(2)(B), Defendant attempts to limit the testimony of Drs. Gons and Goytia-

12

Leos because Plaintiff has not provided expert reports from them either. (Mot. at 7.) However, as Defendant admits, Plaintiff does not name either physician as witnesses, let alone designate them as expert witnesses. (Id.; see also Dkt. # 11, Ex. A at 5; Dkt. # 11, Ex. D at 5.) At the hearing, Plaintiff's counsel averred that the lack of designating either doctor was purposeful; he did not intend to use any expert testimony to prosecute his case. Instead, Plaintiff only seeks to use Gons as a doctor having knowledge of her inability to afford hormone treatment and Goytia-Leos as a doctor having knowledge of her stress-related medical condition due to her separation from employment with Defendant. (See Dkt. # 11, Ex. A at 5; Dkt. # 11, Ex. D at 5.) Given that Rule 26(a)(2)(B) only applies to a witnesses that are "retained or specially employed to give expert testimony" and Plaintiff's counsel affirmed that he will not use either physician as experts, Defendant's attempt to limit the doctors' testimony for Plaintiff's alleged non-compliance with Rule 26(a)(2)(B) is unnecessary.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Exclude Testimony of Glenn D. Levy, Esq. as to Plaintiff's attorney's fees (Dkt. # 11). The Court **DENIES AS MOOT** Defendant's Motion to Exclude Testimony of Dr. Robert Dons and Dr. Dina Goytia-Leos. (Dkt. # 11).

IT IS SO ORDERED.

DATED: San Antonio, Texas, March 18, 2014.

_____
David Alan Ezra
Senior United States Distict Judge